1  CHARLES BONNER, ESQ. [SBN 85413]
   LAW OFFICES OF BONNER & BONNER
2  475 Gate 5 Road, Suite 212
   Sausalito, CA 94965
3  Telephone: (415) 331-3070
   Facsimile: (415) 331-2738
4
   PHILLIP A. JARET, ESQ. [SBN 092212]
5  ROBERT S. JARET, ESQ. [SBN 124876]
   JARET & JARET
6  1016 Lincoln Avenue
   San Rafael, CA 94901
7  Tel.:  (415) 455-1010
   Fax:  (415) 455-1050
8
   Attorneys for Plaintiff ADAM FERRIS
9

10                    U.S. DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  ADAM FERRIS, an individual,            )  Case No.
                                           )
14          Plaintiff,                      )  **COMPLAINT FOR DAMAGES:**
                                           )
15  v.                                      )  1)  **Violation of Civil Rights – 4th**
                                           )      **Amendment Unreasonable Seizure**
16  THE REGENTS OF THE UNIVERSITY OF        )      **of Person (42 U.S.C. §1983)**
    CALIFORNIA, also doing business as      )  2)  **Violation of Civil Rights – 14th**
17  UNIVERSITY OF CALIFORNIA, SAN           )      **Amendment – Due Process –**
    FRANCISCO, a public entity; ELYSSA      )      **Deliberate Fabrication of Evidence**
18  MARGOLIS, an individual; and DOES 1 through )  **(42 U.S.C. §1983)**
    50, inclusive,                          )  3)  **Punitive Damages Against Margolis**
19                                          )  4)  **Declaratory Relief**
            Defendants.                     )  5)  **Violation of Civil Rights – First**
20  _____ )      **Amendment Retaliation (42 U.S.C.**
                                                   **§ 1983)**
21                                             6)  **Discrimination Based on Disability**
                                                   **in Violation of FEHA(Govt. Code**
22                                                 **§12900, et seq.)**
                                               7)  **Failure to Accommodate**
23                                                 **Disabilities in Violation of FEHA**
                                                   **(Govt. Code § 12900, et seq.)**
24                                             8)  **Failure to Engage in a Good Faith**
                                                   **Interactive Process in Violation of**
25                                                 **FEHA (Govt. Code § 12900, et seq.)**
                                               9)  **Failure to Take Reasonable Steps**
26                                                 **to Prevent Discrimination From**
                                                   **Occurring in Violation of FEHA**
27                                                 **(Govt. Code § 12900, et seq.)**

28

                              Complaint

10) **Harassment Based on Disability in Violation of FEHA (Govt. Code § 12900, et seq.)**
11) **Retaliation in Violation of FEHA (Govt. Code § 12900, et seq.)**
12) **Violation of the California Family Rights Act (Govt. Code §12945.2)**

**DEMAND FOR JURY TRIAL**

Plaintiff ADAM FERRIS, an individual, alleges against Defendants as follows:

1.      Plaintiff ADAM FERRIS (hereinafter "Plaintiff") is an adult natural person who is, and was at all times relevant to this Complaint, a resident of San Francisco County, State of California.

2.      Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, also doing business as UNIVERSITY OF CALIFORNIA, SAN FRANCISCO (hereinafter "UCSF") is a California public entity doing business in the State of California and maintained and maintains its offices in San Francisco, California.

3.      Defendant ELYSSA MARGOLIS (hereinafter "MARGOLIS") is an individual employed by UCSF.

4.      Plaintiff is unaware of the true names of Defendants Does 1 through 50. Plaintiff sues these Defendants by said fictitious names, and will amend this complaint when the true names and capacities are ascertained, when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants are in some manner responsible for the events and allegations set forth in this complaint.

5.      Plaintiff is informed, believes, and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all

1  of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this

2  complaint.

3        6.      Plaintiff is informed, believes, and thereon alleges that each Defendant acted

4  pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

5  each Defendant knew or should have known about, authorized, ratified, adopted, approved,

6  controlled, and/or aided and abetted the conduct of all other Defendants. As used in this complaint,

7  "Defendant" means "Defendants and each of them," and refers to the Defendants named in the

8  particular cause of action in which the word appears.

9        7.      At all times mentioned herein, each Defendant was the co-conspirator, agent,

10  servant, employee, and/or joint venturer of each of the other Defendants and was acting within the

11  course and scope of said conspiracy, agency, employment, and/or joint venture and with the

12  permission and consent of each of the other Defendants

13        8.      Plaintiff makes the allegations in this complaint without any admission that, as to

14  any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff

15  reserves all of Plaintiffs' rights to plead in the alternative.

16        9.      Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this

17  Complaint, Defendants were the agents and employees of their co-Defendants, and in doing the

18  things alleged in this Complaint were acting within the course and scope of their agency and

19  employment and acted in such a manner as to ratify the conduct of their co-Defendants.

20                **VENUE AND JURISDICTION**

21        10.      Venue is proper because Plaintiff is informed, believes, and thereon alleges, that

22  Defendant UCSF was doing business in, and liability arose in San Francisco County.

23        11.      At all times mentioned herein, California Government Code Section 12900, *et seq.*,

24  was in full force and effect, and binding upon Defendants.

25        12.      Plaintiff is informed, believes, and thereon alleges that UCSF is an employer subject

26  to suit under the FEHA in that Defendant is an organizations with 50 or more employees doing

27  business in the State of California.

28  / /

13.     On or about May 7, 2015, and within the time provided by law, Plaintiff filed verified charges of discrimination with the California Department of Fair Employment and Housing ("DFEH") and against the named Defendants. Plaintiff amended his complaint on December 29, 2016 to correctly identify the name of Respondent. On September 30, 2016, Plaintiff received his "Right to Sue" Notices from the DFEH pertaining to Defendants and now timely files this action.

14.     This Court has jurisdiction over this lawsuit because the suit arises under 42 U.S.C. § 1983 and asserts facts showing that Defendants, and each of them, acted willfully, deliberately, and pursuant to a policy, custom and practice, and with reckless disregard of Plaintiff's established Federal and State Constitutional rights.

15.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district. Venue is also proper in this district under 28 U.S.C. § 1931(b)(2) because the events, acts and omissions giving rise to this claim occurred in this district.

## GENERAL ALLEGATIONS

16.     Plaintiff became an employee of UCSF in June 2012, working as a Staff Research Associate I, under the supervision of Defendant ELYSSA MARGOLIS, earning $38,000 per year.

17.     From June 2011 to June 2012, Plaintiff worked for Gallo, a contractor for UCSF. In 2011, Plaintiff was involved in a motorcycle accident that resulted in serious injuries requiring spinal surgeries, and left him with physical and mental disabilities, necessitating disability leave. Gallo granted Plaintiff reasonable accommodations when he returned from leave during the time he worked for Gallo.

18.     In 2012, Gallo was taken over by UCSF and Plaintiff entered into an employment agreement with UCSF. Plaintiff was on approved California Family Rights Act medical leave to care for his own serious medical conditions related to anxiety, stress, depress, a thyroid condition, and cervical and lumbar spine injuries in June 2014, November 2014, and January 2015. Plaintiff was scheduled to return to work at UCSF on or about January 16, 2015, and requested reasonable accommodations for his physical and mental conditions prescribed by his doctor.

19.     On or about January 16, 2015, when Plaintiff went to the work site to ensure all paperwork for his return from leave was complete, he was physically accosted by Defendant USCF

1   security representatives, peace officers, and told that an employee had accused Plaintiff of

2   possessing a knife at work, many months before he went on leave, in violation of the campus Zero

3   Tolerance Standard for Workplace Violence. Plaintiff was detained and searched. These charges

4   were false. Plaintiff was also falsely accused of having threatened workplace violence. Defendants

5   then placed Plaintiff on administrative leave and denied him a return to work from medical leave

6   on January 16, 2015.

7           20.     Defendant UCSF denied Plaintiff a promotion and merit increase that was scheduled

8   for employees upon completion of two years of employment and this denial was related to

9   Plaintiff's disability.

10          21.     Defendants finally allowed Plaintiff to return to work on May 7, 2015, but was not

11  granted the reasonable accommodations requested by Plaintiff and his doctor, and there was no

12  good faith interactive process to reach agreement on the requested accommodations. The

13  accommodations Plaintiff requested included: that his supervisor, ELYSSA MARGOLIS, stop

14  harassing Plaintiff and treating him in a rude and demeaning manner as it exacerbated his

15  disabilities, that Plaintiff be allowed a flexible work schedule with a shorter lunch and 10 minute

16  breaks throughout the day when he was in pain; and later start and ending times as necessary. When

17  Plaintiff returned to work on May 7, 2015, Defendant ELYSSA MARGOLIS harassed Plaintiff in

18  retaliation for taking leave, by falsely accusing Plaintiff of violating numerous University policies,

19  subjecting Plaintiff to investigations, improperly questioning Plaintiff about his disabilities and his

20  medical treatment, denying Plaintiff a promotion, and threatening him with termination.

21          22.     On May 26, 2015, as a result of Defendants denying Plaintiff reasonable

22  accommodations for his disabilities and subjecting him to harassment, stress, depression, anxiety

23  and thyroid conditions were exacerbated and Plaintiff was forced to take CFRA leave. Upon his

24  return, Plaintiff was wrongfully transferred out of his department where he worked.

25          23.     Defendants denied Plaintiff's return to work from CFRA leave, denied him

26  reasonable accommodations, denied him a promotion and subjected him to harassment and

27  retaliation. As a result of Defendants' discriminatory conduct, Plaintiff has suffered serious mental

28  and physical harm, emotional distress, loss of reputation, and financial hardship and losses.

**FIRST CAUSE OF ACTION**

**Violation of Civil Rights – 4th Amendment Unreasonable**

**Seizure of Person (42 U.S.C. §1983)**

**(Against Defendant UCSF and DOES 1-50)**

24.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in this pleading.

25.     On or about January 16, 2015, when Plaintiff went to the work site to ensure all paperwork for his return from leave was complete, he was physically accosted by Defendant USCF security representatives, peace officers, and told that an employee had accused Plaintiff of possessing a knife at work, many months before he went on leave, in violation of the campus Zero Tolerance Standard for Workplace Violence. Plaintiff was detained and searched. These charges were false. Plaintiff was also falsely accused of having threatened workplace violence. Defendants then placed Plaintiff on administrative leave and denied him a return to work from medical leave on January 16, 2015.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**Violation of Civil Rights – 4th Amendment – Due Process – Deliberate**

**Fabrication of Evidence (42 U.S.C. §1983)**

**(Against Defendants UCSF, ELYSSA MARGOLIS, and DOES 1-50)**

26.     Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in this pleading.

27.     On or about January 16, 2015, when Plaintiff went to the work site to ensure all paperwork for his return from leave was complete, he was physically accosted by Defendant USCF security representatives, peace officers, and told that an employee had accused Plaintiff of possessing a knife at work, many months before he went on leave, in violation of the campus Zero Tolerance Standard for Workplace Violence. Plaintiff was detained and searched. These charges were false. Plaintiff was also falsely accused of having threatened workplace violence. Defendants

/ /

1  then placed Plaintiff on administrative leave and denied him a return to work from medical leave

2  on January 16, 2015.

3        WHEREFORE, Plaintiff prays for relief as set forth below.

4                          **THIRD CAUSE OF ACTION**

5                      **Punitive Damages against Defendant**

6              **(Against Defendant ELYSSA MARGOLIS and DOES 1-50)**

7        28.      Plaintiff incorporates by reference as though fully set forth herein, each and every

8  allegation contained in this pleading.

9        29.      Clear and convincing evidence exists that Defendant ELYSSA MARGOLIS has

10  been guilty of oppression, fraud, or malice, and Plaintiff is entitled to recover exemplary damages

11  for the sake of example and by way of punishing Defendant.

12        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

13                          **FOURTH CAUSE OF ACTION**

14                            **Declaratory Relief**

15                 **(Against Defendant UCSF and DOES 1-50)**

16        30.      Plaintiff incorporates by reference as though fully set forth herein, each and every

17  allegation contained in this pleading.

18        31.      Plaintiff seeks declaratory relief and an order requiring Defendants to reassign

19  Plaintiff to his original position, and to desist from making false criminal allegations against

20  Plaintiff.

21        WHEREFORE, Plaintiff prays for relief as set forth below.

22                          **FIFTH CAUSE OF ACTION**

23        **Violation of Civil Rights – First Amendment Retaliation (42 U.S.C. § 1983)**

24                 **(Against Defendant UCSF and DOES 1-50)**

25        32.      Plaintiff incorporates by reference as though fully set forth herein, each and every

26  allegation contained in this pleading.

27        33.      On or about May 7, 2015, and within the time provided by law, Plaintiff filed

28  verified charges of discrimination with the California Department of Fair Employment and Housing

1  ("DFEH") and against the named Defendants. On September 30, 2016, Plaintiff received his "Right

2  to Sue" Notices from the DFEH pertaining to Defendants and now timely files this action.

3      34.    Plaintiff alleges that (1) he engaged in constitutionally protected activity; (2) the

4  defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the

5  protected activity; and (3) the protected activity was a substantial motivating factor in the

6  defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to

7  chill speech. Further, Plaintiff alleges that the defendant 'intended to interfere' with the plaintiff's

8  First Amendment rights and that he suffered some injury as a result thereof.

9      WHEREFORE, Plaintiff prays for relief as set forth below.

10                    **SIXTH CAUSE OF ACTION**

11          **Discrimination Based on Disability in Violation of FEHA**

12                   **(Govt. Code § 12900 et seq.)**

13              **(Against Defendant UCSF and DOES 1-50)**

14      35.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth

15  in this pleading.

16      36.    Pursuant to California Government Code § 12900 et seq., Plaintiff had a legal right

17  to be free from discrimination.

18      37.    Plaintiff is informed and believes and thereon alleges that he was discriminated

19  against under the terms and conditions of his employment, as outlined above, on the basis of his

20  disability and perceived disability.  That is, during the course of his employment, Plaintiff, as

21  alleged above, was subjected to unlawful and discriminatory employment practices.

22      38.    Plaintiff is informed and believes and thereon alleges that Defendants and/or DOES

23  1-50, and each of them, willfully and/or with reckless indifference violated California Government

24  Code Sections 12900, *et seq.*, by discriminating against Plaintiff, as outlined above. Such

25  discrimination has resulted in damage and injury to Plaintiff as alleged herein.

26      39.    As a direct and proximate result of the unlawful conduct of Defendants and/or

27  DOES 1-50, and each of them, Plaintiff has suffered special damages including but not limited to

28  / /

1   past and future loss of income, benefits, medical expenses, and other damages to be proven at time

2   of trial.

3          40.     As a direct and proximate result of the unlawful conduct of Defendants and/or

4   DOES 1-50, and each of them, Plaintiff has suffered general damages including but not limited to

5   shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other

6   damages to be proven at the time of trial.

7          41.     As a result of the conduct of Defendants and/or Does 1-50, and each of them,

8   Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an amount

9   according to proof at trial.

10         WHEREFORE, Plaintiff prays for judgment as set forth below.

11                         **SEVENTH CAUSE OF ACTION**

12             **Failure to Accommodate Disabilities in Violation of FEHA**

13                      **(Govt. Code § 12900, et seq.)**

14                  **(Against Defendant UCSF and DOES 1-50)**

15         42.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth

16   in this pleading.

17         43.     Plaintiff is an individual with a disability or perceived disability and/or medical

18   condition who could perform the essential functions of his position with or without reasonable

19   accommodations. Plaintiff has a record of a disability and/or medical condition, and was perceived

20   by the Defendants as having a disability and/or medical condition.

21         44.     Defendants and/or Does 1-50, and each of them, were required to undertake a

22   reasonable investigation of Plaintiff's request for an accommodation for his disability and/or

23   medical condition, and to continue to provide a reasonable accommodation for the known physical

24   limitations of Plaintiff. Defendants failed to do so.

25         45.     Defendants and/or Does 1-50, and each of them, were required to engage in a good

26   faith interactive process to determine if Plaintiff's disability and/or medical condition could be

27   accommodated without undue hardship. Defendants failed to do so.

28   / /

46.     At all times herein mentioned, Plaintiff was willing and able to perform the duties and functions of his position. At no such time would the performance of the employment position, with or without a reasonable accommodation for Plaintiff's disability and/or medical condition, have been a danger to the health and safety of Plaintiff.

47.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-50, and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

48.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

49.     As a result of the conduct of Defendants and/or Does 1-50, and each of them, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

### EIGHTH CAUSE OF ACTION

**Failure to Engage in a Good Faith Interactive Process in Violation of FEHA**

**(Govt. Code § 12900 et eq.)**

**(Against Defendant UCSF and DOES 1-50)**

50.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

51.     Plaintiff is an individual with a disability or perceived disability and/or medical condition who with or without reasonable accommodations could perform the essential functions of his position. Plaintiff has a record of a disability and/or medical condition, and was perceived by the Defendants as having a disability and/or medical condition.

/ /

/ /

52.     Defendants and/or Does 1-50, and each of them, were required to engage in a good faith interactive process to determine if Plaintiff's disability and/or medical condition could be accommodated without undue hardship. Defendants failed to do so.

53.     At all times herein mentioned, Plaintiff was willing and able to perform the duties and functions of his position. At no time would the performance of the employment position, with a reasonable accommodation for Plaintiff's disability and/or medical condition, have been a danger to the health and safety of any person.

54.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-50, and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

55.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

56.     As a result of the conduct of Defendants and/or Does 1-50, and each of them, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## NINTH CAUSE OF ACTION

**Failure to Take Reasonable Steps to Prevent Discrimination and Harassment from**

**Occurring in Violation of FEHA**

**(Govt. Code § 12900 et seq.)**

**(Against Defendant UCSF and DOES 1-50)**

57.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

58.     Plaintiff is informed, believes, and thereon alleges that Defendant and/or DOES 1-50, and each of them, failed to take all reasonable steps to prevent and/or stop discrimination and

1  harassment from occurring in the workplace, in violation of section 12940(k) of the Government

2  Code.

3        59.    Plaintiff is informed, believes, and thereon alleges that discrimination against him

4  resulted from the Defendant's failure to have in place a prophylactic anti-discrimination policy

5  and/or reporting mechanism and/or their failure to take all reasonable steps to prevent

6  discrimination and harassment from occurring in the workplace.

7        60.    As a direct and proximate result of the unlawful conduct of Defendants and/or

8  DOES 1-50, and each of them, Plaintiff has suffered special damages including but not limited to

9  past and future loss of income, benefits, medical expenses, and other damages to be proven at time

10  of trial.

11        61.    As a direct and proximate result of the unlawful conduct of Defendants and/or

12  DOES 1-50, and each of them, Plaintiff has suffered general damages including but not limited to

13  shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other

14  damages to be proven at the time of trial.

15        62.    As a result of the conduct of Defendants and/or Does 1-50, and each of them,

16  Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an amount

17  according to proof at trial.

18        WHEREFORE, Plaintiff prays for judgment as set forth below.

19                        **TENTH CAUSE OF ACTION**

20              **Harassment Based on Disability in Violation of FEHA**

21                      **(Gov. Code § 12900 et seq.)**

22                   **(Against All Defendants and DOES 1-50)**

23        63.    By this reference, Plaintiff hereby incorporates each and every paragraph in this

24  pleading.

25        64.    Pursuant to California Government Code, § 12900 et seq., Plaintiff had a legal right

26  to be free from harassment based on his age, race, disability and perceived disability.

27        65.    Plaintiff is informed and believes and thereon alleges that he was the subject of

28  harassment as outlined above.  That is, during the course of his employment, Plaintiff, as alleged

above, was subjected to unlawful and unwelcome harassment and related discriminatory employment practices. He was similarly discriminated against by the creation of a hostile work environment, as set forth herein, in violation of FEHA.

66.     Plaintiff is informed and believes and thereon alleges that Defendants and/or DOES 1-50, and each of them, willfully and/or with reckless indifference violated California Government Code Sections 12900 et seq. by harassing and discriminating against Plaintiff, as outlined above, as a result of his disability and perceived disability, age and race, ancestry and national origin. Such harassment has resulted in damage and injury to Plaintiff as alleged herein.

67.     As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-50, and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

68.     As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-50, and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

69.     In addition,   Defendant MARGOLIS acted despicably, willfully, knowingly, intentionally, maliciously, oppressively, or with conscious or wanton or reckless disregard for the rights of Plaintiff, who is therefore entitled to an award of punitive damages against Defendant for his improper conduct, as well as all appropriate exemplary damages pursuant to Civil Code § 3294.

70.     As a result of the conduct of Defendants and/or Does 1-50, and each of them, Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

/ /

/ /

/ /

/ /

1

## ELEVENTH CAUSE OF ACTION

2

### Retaliation in Violation of FEHA

3

### (Gov. Code § 12900, et seq.)

4

### (Against Defendant UCSF and DOES 1-50)

5      71.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth

6   in this pleading.

7      72.     As alleged above, Defendants have retaliated against Plaintiff based on his

8   complaints and reports of discrimination based on age, race and disability, including requesting

9   reasonable accommodations.

10      73.     Pursuant to the California Government Code, § 12900 et seq., Plaintiff had a legal

11   right to be free from discrimination, including disability discrimination and had a right to a good

12   faith interactive process to determine what accommodations could be made so that he could

13   continue to perform the essential functions of his position. As an employer with more than five

14   employees, Defendants and/or DOES 1-50, are liable.

15      74.     As a result of Plaintiff's requesting reasonable accommodations and being placed

16   on medical leave, Defendants knew and was aware of Plaintiff's disability and medical condition.

17   Further, as a result of Plaintiff's requesting to be free of age and race discrimination he was

18   subjected to retaliation. Accordingly, Plaintiff has been subjected to unlawful retaliation in violation

19   of California Government Code §12940.

20      75.     As a direct and proximate result of the unlawful conduct of Defendants and/or

21   DOES 1-50, and each of them, Plaintiff has suffered special damages including but not limited to

22   past and future loss of income, benefits, medical expenses, and other damages to be proven at time

23   of trial.

24      76.     As a direct and proximate result of the unlawful conduct of Defendants and/or

25   DOES 1-50, and each of them, Plaintiff has suffered general damages including but not limited to

26   shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other

27   damages to be proven at the time of trial.

28   / /

77.     As a result of the conduct of Defendants and/or Does 1-50, and each of them, Plaintiff further seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### TWELFTH CAUSE OF ACTION

**Violation of the California Family Rights Act**

**(Gov. Code § 12945.2)**

**(Against Defendant UCSF and DOES 1-50)**

78.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth in this pleading.

79.     Plaintiff was a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in California Government Code Section 12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendant and worked in excess of one thousand two hundred fifty hours (1,250) in the preceding twelve (12) month period prior to his requested and/or taken leaves. Further, Plaintiff had qualifying serious health conditions as described herein. Plaintiff was placed on medical leave and had a right to return to his position, with or without reasonable accommodations.

80.     Defendants violated the California Family Rights Act by interfering with and retaliating against Plaintiff because of protected absences and/or because of foreseeable future need for protected absences, interfering with Plaintiff's right to leave, counting Plaintiff's legally protected absences against him for purpose of performance, otherwise discouraging him from returning to work, taking  leave, and/or failing to advise Plaintiff about his leave rights and procedures regarding the taking of protected leave.

81.     Such conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

82.     As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

/ /

1   Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code

2   Section 3287 and/or any other provision of law providing for pre-judgment interest.

3       83.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for

4   mental and emotional distress and aggravation in an amount to be proven at the time of trial.

5       84.     Plaintiff is entitled to recover prevailing party attorney's fees pursuant to the

6   provision of the California Fair Employment & Housing Act (Government Code Section 12900,

7   et seq.), and by other statutory entitlements.

8       85.     Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

9   1-50, and each of them, willfully and/or with reckless indifference violated California Government

10  Code Sections 12900 et seq. by discriminating against Plaintiff, as outlined above, on the basis of

11  his disability. Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

12      86.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does

13  1-50, and each of them, Plaintiff has suffered special damages including but not limited to past and

14  future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

15      87.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does

16  1-50, and each of them, Plaintiff has suffered general damages including but not limited to shock,

17  embarrassment, physical distress and injury, humiliation, emotional distress, stress and other

18  damages to be proven at the time of trial.

19      88.     As a result of the conduct of Defendants and/or Does 1-50, and each of them,

20  Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks

21  the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof

22  at trial.

23      WHEREFORE, Plaintiff prays for judgment as set forth below.

24                                  **PRAYER**

25      WHEREFORE, Plaintiff prays for judgment against Defendant on all causes of action as

26  follows:

27      1.      For special and economic damages, including lost wages, for all Claims.

28      2.      For general and non-economic damages for all Causes of Action;

Complaint
- 16 -

1        3.      For damages against each Defendant, individually and severally, for pain,

2   misery, suffering, loss of enjoyment of life, for loss of ability to pursuit happiness, for severe mental

3   and emotional distress, anxiety, humiliation, and other non-economic damages.

4        4.      For punitive damages for all Claims only against Defendant ELYSSA

5   MARGOLIS only;

6        5.      For pre-judgment and post-judgment interest at the prevailing legal rate;

7        6.      For costs of suit including reasonable attorney's fees;

8        7.      For an order declaring Plaintiff's job position be restored;

9        8.      For an order declaring that Defendants cease and desist alleging false

10   criminal charges against Plaintiff; and

11        9.      For such other and further relief, including injunctive relief, as the Court

12   may deem proper.

13

14   DATED: January 4, 2017

15

16   By:_____

17   JARET & JARET
     Phillip A. Jaret
18   Robert S. Jaret
     1016 Lincoln Ave.
19   San Rafael, CA 94901
     Tel.:  (415) 455-1010
     Fax.:  (415) 455-1050

20

21   Attorneys for Plaintiff ADAM FERRIS

22

23

24

25

26

27
     C:\Users\Debra\Documents\Pleading\Ferris, Adam\Complaint.wpd
28

Complaint
- 17 -